UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LELIA STELLY, ET AL,                                    CIVIL ACTION

VERSUS                                                  NO. 20-2351

DONALD LAY, ET AL.                                      SECTION "R" (3)


## ORDER AND REASONS

Defendant, State Farm Mutual Automobile Insurance Company (State Farm), moves to remand on the grounds that the removal petition did not include written consent from State Farm to the removal.[1] Other defendants, Starr Indemnity & Liability Company, Cert Operations, LLC, Coal Emissions Reduction Technologies, Inc., Combustion Emissions Reduction Technologies, Inc., and Donald Lay (collectively "Lay defendants"), oppose the motion.[2] Because State Farm did not timely file its motion to remand, the Court denies the motion.

---

[1]     *See* R. Doc. 21.
[2]     *See* R. Doc. 22.

## I. DISCUSSION

This case arises from a car accident. Plaintiffs Lelia Stelly and William Stelly allege that they were rear-ended by defendant Donald Lay on August 11, 2019.[3] Plaintiffs assert that they sustained severe permanent injuries as a result of the accident.[4] Plaintiffs filed suit against Lay, Lay's alleged employers,[5] and the alleged insurer of Lay's employers.[6] Plaintiffs also sued State Farm Mutual Automobile Insurance Company,[7] plaintiffs' alleged insurer. The Lay defendants removed to this Court on August 25, 2020,[8] and State Farm filed its motion to remand on November 17, 2020.[9]

State Farm challenges the removal on procedural grounds, *i.e.*, lack of consent, rather than on the absence of subject matter jurisdiction. Title 28, United States Code, section 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under

---

[3] *See* R. Doc. 1-1 at 5-6 ¶ 3.
[4] *See id.* at 6-7 ¶¶ 5-6.
[5] The state-court petition alleges that Cert Operations, LLC, Coal Emissions Reduction Technologies, and Combustion Emissions Reduction Technologies, Inc. are Lay's employers. *See* R. Doc. 1-1 at 8 ¶ 11.
[6] *See id.* at 8 ¶ 12. The employers' alleged insurer is Starr Indemnity & Liability Company.
[7] *See id.* at 8 ¶ 13.
[8] *See* R. Doc. 1.
[9] *See* R. Doc. 21.

2

section 1446(a)." If a party fails to move to remand within the thirty-day period, that party waives the opportunity to challenge removal. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991) ("Even if this matter was improperly removed, the plaintiffs waived the opportunity to challenge the removal" because "plaintiffs' motion for remand is untimely").

The Court finds that State Farm's motion to remand is untimely. State Farm filed its motion to remand on November 17, 2020, eighty-four days after the notice of removal was filed on August 25, 2020.[10] State Farm does not dispute that it failed to file a motion to remand within thirty days after the Lay defendants filed the notice of removal. Indeed, State Farm has not even filed a reply to the Lay defendants' opposition. Accordingly, the Court finds State Farm's procedural challenge to removal as untimely, and its motion to remand is denied.

### III.  CONCLUSION

For the foregoing reasons, the motion is DENIED.

New Orleans, Louisiana, this __28th__ day of December, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10]  *See* R. Doc. 1.

3